UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| OSSEPHA SAINT CYR DESIR and JEAN DESIR, *Each Individually and on Behalf of the Estate of G.D.*, <br><br> Plaintiffs, <br><br> v. <br><br> STEWARD HEALTH CARE SYSTEMS, LLC, STEVEN OH, M.D., JACQUELINE GALLAGHER, P.A., and UNITED STATES, <br><br> Defendants. | Civil Action No. 14-cv-13629-ADB |

MEMORANDUM AND ORDER

June 15, 2015

BURROUGHS, D.J.

**I.     Introduction**

On June 11, 2014, the plaintiffs, Ossepha Saint Cyr Desir ("Ms. Desir") and Jean Desir (together, the "Desirs"), filed this personal injury and wrongful death action in state court against Steward Health Care Systems, LLC ("Steward Health Care"), Steven Oh, M.D. ("Dr. Oh"), Soheil A. Hanjani, M.D. ("Dr. Hanjani"), Vida Mia Ruiz, C.N.M. ("Ms. Ruiz," a certified nurse midwife), and Jacqueline Gallagher, P.A. ("Ms. Gallagher," a physician assistant).[1] The Desirs allege that these defendants' negligent medical care resulted in the premature birth and then death of their infant son, G.D., on October 22, 2011, when Ms. Desir was 19 weeks pregnant.

---

[1] Steward Health Care, Dr. Oh, and Ms. Gallagher are collectively referred to in this opinion as the "Non-Federal Defendants."

Dr. Hanjani and Ms. Ruiz removed the case to this Court on the basis that they are covered under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) & 2671, et seq., by virtue of their employment by Brockton Neighborhood Health Center ("BNHC"), a federally supported health care center subject to the Federally Supported Health Centers Assistance Act of 1992 (the "Health Centers Act"), 42 U.S.C. § 233. Thereafter, this Court granted Dr. Hanjani and Ms. Ruiz's Motion to Substitute the United States as Proper Party Defendant [Dkt. 4, granted at Dkt. 22] and dismissed Dr. Hanjani and Ms. Ruiz from the action pursuant to 28 U.S.C. § 2679(b)(1), which provides that the exclusive remedy for claims arising from the negligent or wrongful conduct of federal employees acting within the scope of their employment is against the United States.

Under the FTCA, a tort claim against the United States "shall be forever barred" unless it is first presented to the "appropriate Federal agency within two years after such claim accrues," and then brought in federal court "within six months" after the agency denies the claim. 28 U.S.C. § 2401(b). There is no dispute that the Desirs never filed an administrative claim under the FTCA and missed the two-year statutory deadline for doing so. Counsel for the Desirs was apparently unaware of the fact that Dr. Hanjani and Ms. Ruiz were federal employees, or at least unaware of the significance of that fact for purposes of determining the relevant statute of limitations. The United States has moved to dismiss all of the counts originally asserted against Dr. Hanjani and Ms. Ruiz for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. [Dkt. 25.] The United States argues that because the Desirs did not file an administrative claim within two years of G.D.'s premature birth and death, they are "forever barred" from bringing this action against the United States. Thus, the United States seeks the dismissal of Counts VI through XV, and XXI, with prejudice. The Desirs urge the

Court to find that they (and their counsel) were sufficiently diligent in seeking to ascertain Dr. Hanjani's employment status to warrant applying the doctrine of equitable tolling.

Following briefing by the United States and the Desirs and a hearing conducted on April 28, 2015, the Court notified the parties that "pursuant to Fed. R. Civ. P. 12(d), it may convert this motion to a motion for summary judgment under Fed. R. Civ. P. 56" and gave the Desirs an opportunity to supplement the record with additional information supporting their equitable tolling argument (and the United States an opportunity to respond). [Dkt. 40.] The Desirs and the United States subsequently submitted supplemental briefs and exhibits addressing equitable tolling.

Despite its sympathy for the Desirs' circumstances and frustration with the current procedural posture, the Court has no choice under the law but to grant the government's motion. There is no genuine dispute as to any material fact concerning the equitable tolling issue, and the government is entitled to judgment as a matter of law pursuant to Rule 56 of the Federal Rules of Civil Procedure. The doctrine of equitable tolling cannot be invoked where, as in this case, plaintiffs' counsel was actually notified of the federal status of BNHC and Dr. Hanjani within the two-year presentment period, yet still failed to file an administrative claim. Thus, the government's motion is GRANTED.

**II.     Background**

    **A.     Ms. Desir's Medical Treatment and G.D.'s Premature Birth and Death**

At the time of the events alleged in the complaint, Ms. Desir was a regular patient of BNHC, where she was treated by Dr. Hanjani, her OB/GYN. [Medical Record of Ossepha Saint Cyr Desir (Dkt. 35-1, Ex. A); Patient History Chart (id., Ex. B); January 20, 2012 Letter (Dkt. 29-2, Ex. 3).] On October 14, 2011, Ms. Desir sought treatment at the Emergency Room of Good

3

Samaritan Medical Center ("Good Samaritan") in Brockton, Massachusetts, which is owned by Steward Health Care. [Compl. (Dkt. 1-4) ¶¶ 7-8; Affidavit of Fred S. Hurst, M.D. (Dkt. 45-3) ("Hurst Aff.") ¶ 1.] She was approximately 18 weeks pregnant and complained of abdominal pain. [Compl. ¶ 8; Hurst Aff. ¶ 1.] She was admitted overnight, seen by Dr. Hanjani, Dr. Oh, and Susan Wente, C.N.M. ("Ms. Wente") (who is not a party to this lawsuit), and discharged the next day. [Compl. ¶¶ 9-10; Hurst Aff. ¶ 1.]

On October 17, 2011, Ms. Desir was treated by Dr. Hanjani at BNHC. [Dkt. 35-1, Ex. A.] On October 21, 2011, one week after her previous admission to Good Samaritan, she returned to the Good Samaritan Emergency Room with severe abdominal pain and was again admitted overnight. [Compl. ¶¶ 11, 16; Hurst Aff. ¶ 5.] She was seen by Dr. Hanjani, Ms. Gallagher, Ms. Wente, and other staff. [Compl. ¶¶ 13, 16; Hurst Aff. ¶ 5.] On October 22, 2011, while Ms. Desir was still admitted, her son was born prematurely at 19 weeks gestational age. [Compl. ¶ 16; Hurst Aff. ¶ 7.] He died a short time later. [Compl. ¶ 18.] The Desirs allege that the premature birth and death of their son, G.D., was caused by the defendants' negligence in failing to perform certain procedures, including a pelvic examination and a cervical measurement, during Ms. Desir's admissions to Good Samaritan in October 2011.

### B. Federal Status of BNHC and Its Employees, Including Dr. Hanjani and Ms. Ruiz

BNHC receives federal grant money from the United States Department of Health and Human Services ("HHS"). As of January 2011, BNHC was "deemed" by the Health Resource and Services Administration of HHS to be "an employee of the Public Health Service," a designation that BNHC has since continued to hold.[2] [HRSA Deeming Letters (Dkt. 14-1, Ex.

---

[2] Unlike BNHC, Good Samaritan is not federally funded and is not deemed to be an employee of the Public Health Service.

A).] At the time of the events alleged in the complaint, Dr. Hanjani and Ms. Ruiz were both employees of BNHC and were both "acting within the scope of their employment as employees of the United States." [See Certification of United States Attorney pursuant to 28 U.S.C. § 2679(d)(1) & (2) and 28 C.F.R. § 15.4 (Dkt. 5-1, Ex. B).] Thus, BNHC, Dr. Hanjani, and Ms. Ruiz all have federal status for FTCA purposes, and any claims of negligence against Dr. Hanjani or Ms. Ruiz (or BNHC, which the Desirs did not name as a defendant) must be brought pursuant to the requirements of the FTCA, including the filing of an administrative claim within two years of the alleged harm—in this case, by October 22, 2013. 28 U.S.C. § 2401(b).

      **C.**     **Actual Notice to Plaintiffs' Counsel of BNHC and Dr. Hanjani's Federal Status Within the FTCA's Two-Year Presentment Period**

The Desirs retained counsel in January 2012, approximately three months after the premature birth and death of G.D. [Affidavit of Robert T. Norton (Dkt. 48-1, Ex. A) ("Norton Aff.") ¶ 2.] Plaintiffs' counsel inexplicably waited until the summer of 2013, one and a half years later, before informing Steward Health Care of the claim and requesting Ms. Desir's medical records. [E.g., June 28, 2013 Letter (Dkt. 48-1, Ex. B); July 9, 2013 Letter (Dkt. 48-1, Ex. C).] In these initial letters to Steward Health Care, plaintiffs' counsel mentioned two medical professionals by name: Dr. Hanjani and Ms. Wente.[3] In August 2013, with approximately two months left in the FTCA's two-year presentment period, Steward Health Care responded with two letters informing plaintiffs' counsel that neither Dr. Hanjani nor Ms. Wente was an employee of Steward Health Care, and that at least one of them was an employee of BNHC. [August 7, 2013 Letter (Dkt. 48-1, Ex. D); August 29, 2013 Letter (Dkt. 48-1, Ex. E).] Steward

---

[3] The Desirs ultimately filed their complaint against Steward Health Care, Dr. Hanjani, Ms. Ruiz, and two other individuals, but chose not to name Ms. Wente as a defendant.

5

Health Care also provided contact information for Dr. Hanjani and Ms. Wente. [Dkt. 48-1, Ex. E.]

On September 27, 2013 and October 1, 2013, plaintiffs' counsel sent letters to both Dr. Hanjani and Ms. Wente notifying them of the claim. [Dkt. 48-1, Ex. F-G.] Then, on October 14, 2013, with approximately one week still remaining in the presentment period, BNHC responded to plaintiffs' counsel, in pertinent part:

> This letter acknowledges your letter dated September 27, 2013 regarding Ossepha Saint Cyr Desir and our physician Dr. Soheil Hanjani and our nurse midwife Susan Wente.
>
> <u>Brockton Neighborhood Health Center, Dr. Hanjani, and Ms. Wente are deemed federal employees of the U.S. Public Health Services for purposes of professional liability coverage.</u> Our current notice of deeming is attached.

[October 14, 2013 Letter (Dkt. 48-1, Ex. H) (emphasis added).]

Despite being notified of BNHC and Dr. Hanjani's federal status before the expiration of the two-year presentment period, when there was still time to submit an administrative claim, plaintiffs' counsel did not do so. On June 11, 2014, without filing an administrative claim, the Desirs filed their complaint in the Plymouth County Superior Court against Dr. Hanjani, Ms. Ruiz, and the Non-Federal Defendants.[4]

## III. Discussion

### A. Applicable Law

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict in favor of the

---

[4] The complaint asserts claims for wrongful death, negligence, emotional distress, loss of consortium, breach of contract, and violation of the Massachusetts Consumer Protection Act, G.L. c. 93A, § 9. All of the claims arise under state law.

nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A "material" fact is one that "might affect the outcome of the suit under the governing law." Id. The moving party has the burden of proving that there is no genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson, 477 U.S. at 255. Summary judgment may be granted where an impartial jury could only return a verdict in favor of the moving party. Mitchell v. U.S. Airways, Inc., 858 F.Supp.2d 137, 147 (D. Mass. 2012).

The United States is immune from suit unless it has expressly consented to be sued. United States v. Mitchell, 445 U.S. 535, 538 (1980). "Absent waiver, this immunity applies to tort claims against federal employees for conduct within the scope of their employment." Sanchez v. United States, 740 F.3d 47, 50 (1st Cir. 2014). The FTCA provides a limited waiver of the government's sovereign immunity, allowing tort claims to be brought against the United States under certain conditions. 28 U.S.C. §§ 1346(b) & 2671, et seq. Among these is the requirement of first presenting an administrative claim in writing to the appropriate federal agency, which must be done within two years of the claim's accrual. 28 U.S.C. § 2401(b). If this requirement is not met, "[a] tort claim against the United States shall be forever barred." Id. Thus, unlike the three-year limitations period that applies to claims of medical malpractice, personal injury, wrongful death, and other torts under Massachusetts law, G.L. c. 260, § 2A, when the defendant is deemed to be a federal employee under the Health Centers Act, such claims must be pursued within two years of their accrual, including by timely filing an administrative claim. 28 U.S.C. § 2401(b); Sanchez, 740 F.3d at 49 (citing Gonzales, 284 F.3d at 286).

7

In this case, the parties agree that the Desirs did not file an administrative claim before October 22, 2013. Therefore, their claim against Dr. Hanjani and Ms. Ruiz is barred by the two-year statute of limitations under the FTCA, unless the doctrine of equitable tolling applies. "A determination that equitable tolling is appropriate involves a mixed question of law and fact." Niehoff v. Maynard, 299 F.3d 41, 47 (1st Cir. 2002). Here, the parties do not dispute the material facts bearing on the equitable tolling issue; they agree on what steps plaintiffs' counsel took, but they dispute the purely legal question of whether, under these undisputed facts, equitable tolling applies to excuse the Desirs' failure to file a timely administrative claim. The Court concludes that equitable tolling does not apply, and thus, summary judgment in favor of the United States is required.

**B.     Equitable Tolling Does Not Apply Here**

There is no dispute that the Desirs never filed an administrative claim under the FTCA and missed the two-year statutory deadline for doing so. 28 U.S.C. § 2401(b). The Desirs urge the Court to apply the doctrine of equitable tolling based on plaintiffs' counsel's purportedly "diligent efforts to learn the status of Dr. Hanjani."[5] [Dkt. 44, at 6.] These efforts, according to the plaintiffs, consisted of writing letters to Steward Health Care and conducting internet searches of Dr. Hanjani. Plaintiffs assert that "[t]he result of those efforts reasonably suggested that Dr. Hanjani was a private practitioner." [Id.]

Here, the Court need not reach the question of whether plaintiffs' counsel's efforts were enough to warrant equitably tolling the statute of limitations because, as it turns out, plaintiffs' counsel had actual notice of BNHC and Dr. Hanjani's federal status prior to the expiration of the

---

[5] The Desirs do not make the same argument as to Ms. Ruiz, nor could they. Their attorney apparently did not make any efforts to ascertain her employment status within the two-year presentment period and did not even mention her as a prospective defendant in letters to Steward Health Care during the summer of 2013.

8

two-year statute of limitations for filing an administrative claim under the FTCA.[6] Therefore, to say that counsel's efforts "reasonably suggested" that Dr. Hanjani was not a federal employee is inaccurate. Specifically, on October 14, 2013, still within the FTCA's two-year presentment period, plaintiffs' counsel learned that BNHC and Dr. Hanjani (along with Ms. Wente, another BNHC employee and a prospective defendant at that time) were "deemed federal employees of the U.S. Public Health Services for purposes of professional liability coverage."

There can be no equitable tolling where plaintiffs' counsel was specifically informed and therefore actually knew of the federal status of BNHC and Dr. Hanjani within the statutory period for filing an administrative claim, yet failed to file a claim—and has provided no explanation for this dispositive inaction. See Ramirez-Carlo v. United States, 496 F.3d 41, 48 (1st Cir. 2007) ("Equitable tolling applies when the plaintiff is unaware of the facts underlying his cause of action . . . ."); Gonzalez, 284 F.3d at 291 ("The doctrine of equitable tolling suspends the running of the statute of limitations if a plaintiff, in the exercise of reasonable diligence, could not have discovered the information essential to the suit."). The First Circuit has declined to apply the doctrine of equitable tolling even in cases where the plaintiff did not learn of the defendant's federal status until it was too late, making equitable tolling particularly inapposite in this case. See Sanchez, 740 F.3d at 54-55 (acknowledging the "trap for the unwary" created by the fact that "doctors who work at facilities that may appear to be nongovernmental may nevertheless be deemed federal employees," but warning that "lawyers handling medical malpractice cases cannot simply assume without investigation that the longer of the two potentially applicable limitations periods controls"); Gonzalez, 284 F.3d at 291 (rejecting the

---

[6] Although not required to reach the issue, it does not appear to the Court that plaintiffs' counsel did enough under the First Circuit cases of Sanchez and Gonzalez to toll the statute of limitations even in the absence of actual knowledge of BNHC and Dr. Hanjani's federal status.

9

plaintiff's argument that she was "blamelessly ignorant and had no way of discovering the defendants' status as federal employees").[7] In Sanchez, the First Circuit held that there was no equitable tolling where the plaintiff's counsel could have discovered, with the exercise of due diligence, that the health center and its employees were federally funded and might be covered by the FTCA.[8] 740 F.3d at 54-55. Here, unlike in Sanchez, counsel was put on actual and timely notice of this information—but inexcusably disregarded it. Under these circumstances, the Court finds that there is no basis for equitably tolling the FTCA's time bars. Thus, the claims originally brought against Dr. Hanjani and Ms. Ruiz must be dismissed.

### C. Claims Against the Non-Federal Defendants

The Court declines to exercise supplemental jurisdiction over the remaining claims brought against the Non-Federal Defendants. See 28 U.S.C. § 1367(c) (district courts "may decline to exercise supplemental jurisdiction . . . if . . . the district court has dismissed all claims over which it has original jurisdiction"); United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966) ("[P]endent jurisdiction is a doctrine of discretion, not of plaintiff's right. . . . Needless decisions of state law should be avoided both as a matter of comity and to promote

---

[7] The Supreme Court's recent holding in United States v. Wong, 135 S.Ct. 1625 (2015)—that the FTCA's time bars are nonjurisdictional and are subject to equitable tolling in appropriate circumstances—does not change the outcome here. The two companion cases in Wong were factually distinct from this case. Moreover, the First Circuit in Sanchez identified the legal uncertainty (prior to Wong) surrounding the question of whether equitable tolling can apply to FTCA claims, but it nonetheless "g[ave] the plaintiff the benefit of assuming that equity can toll the running of the FTCA's limitations period if a factual basis for tolling exists." 740 F.3d at 54. The First Circuit went on to conclude that no such basis existed where the plaintiff could have discovered that the defendants were federal employees with the exercise of due diligence. Id. at 54-55.

[8] In Sanchez, as in this case, the allegedly negligent treatment occurred at a hospital that was not federally funded, but the patient was treated there by doctors who were deemed to be federal employees by virtue of their employment by a federally funded community health center. 740 F.3d at 49. Thus, to the extent that the Desirs rely on the fact that the premature birth and death of their son occurred at Good Samaritan and not at the federally funded BNHC, under Sanchez, this does not save them from the FTCA's time bars as to Dr. Hanjani and Ms. Ruiz.

justice between the parties . . . . Certainly, if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well."). The remaining claims all arise under state law and are appropriately litigated in state court. Furthermore, Dr. Oh, one of the two individual defendants remaining in the case, has asked the Court to transfer this action to the state court for the purpose of convening a medical malpractice tribunal [Dkt. 24], and no party has opposed this request, aside from a limited opposition filed by the United States asking the Court to withhold its decision until it has decided the current motion to dismiss [Dkt. 27]. Therefore, the remaining counts are remanded to the state court.

**IV.     Conclusion**

For the above reasons, the United States' motion to dismiss Counts VI through XV, and XXI [Dkt. 25], as converted by the Court to a motion for summary judgment, is <u>GRANTED</u>. Counts VI through XV, asserted only against Dr. Hanjani and Ms. Ruiz, are dismissed with prejudice. Count XXI, asserted against all defendants, is dismissed with prejudice as to Dr. Hanjani and Ms. Ruiz and remanded to the state court as to the Non-Federal Defendants. The remaining counts are remanded to the state court. Dr. Oh's Motion to Transfer [Dkt. 24] is terminated as moot.

In accordance with Local Rule 81.1(c), the Clerk is directed to mail certified copies of the docket and order of remand, together with the remainder of the original file, to the Plymouth County Superior Court for further proceedings.

**SO ORDERED.**

Dated: June 15, 2015

/s/ Allison D. Burroughs  
ALLISON D. BURROUGHS  
DISTRICT JUDGE